SARTAIN, Judge.
On Saturday, June 13, 1970, at about 11:00 p.m., Terry D. Bogan received two traffic tickets in the City of Baton Rouge. One ticket was issued for driving SI m.p.h. in a 40 m.p.h. speed zone. The other ticket was issued for violation of L.R.S. 32:423, which prohibits a person from operating a motor vehicle “in violation of the restrictions imposed in the license issued to him”. The restriction in question was imposed by L.R.S. 32:416.1 which reads as follows:
“It shall be unlawful for any child who is less than seventeen years of age to drive a motor vehicle or a power cycle upon any highway, street, public road or public thoroughfare at any time between 9 p.m. and 5 a.m.
This section shall be applicable only to children whose licenses are issued after July 31, 1968; all such licenses shall contain appropriate language indicating the restrictions in this section.”
On July 23, 1970, pursuant to a disposition by a traffic referee, The Family Court, Honorable Thomas B. Pugh, presiding, rendered judgment suspending Terry Bogan’s driver’s license for a total of 120 days, 30 for the speeding violation and 90 for the license restriction violation. On July 30, 1970, young Bogan filed a motion in arrest of judgment based on the contention that L.R.S. 32:416.1 was unconstitutional and any penalty imposed thereunder was necessarily invalid. The State of Louisiana filed a motion to dismiss the motion in arrest of judgment and the motion to dismiss was granted on August 6, 1970. On August 7, 1970, Bogan appealed from both the verdict and judgment of July 23 and also the ruling dismissing the motion in arrest of judgment.
We affirm both the dismissal of the motion in arrest of judgment and the verdict and penalty imposed under L.R.S. 32:416.1 and 32:423.
Unconstitutionality of the statute under which the prosecution was instituted is a ground for a motion in arrest of judgment. La.Code of Criminal Procedure Art. 859(2). But the language of Article 861 is perfectly clear in requiring that such a motion must be filed before sentence. The device is not available thereafter. In this case, the filing of the motion was not timely and was therefore properly dismissed. In addition, L.R.S. 13:1580.1 is a particular statute relative to traffic proceedings in juvenile courts which indicates that the motion in arrest of judgment provided for in the Code of Criminal Procedure may not even be available at all in this type of case. The statute grants a similar procedural remedy by providing that where a traffic referee has heard a case and made findings and recommendations, the violator shall be granted a hearing before a judge if a written request therefor is made within three days after the action of the referee. The record in this case shows that no such request was made. Whether Article 859(2) would have been available or whether L.R.S. 13:1580.1 controls, Mr. Bogan did not act timely under either and his remedy is appeal.
The primary question in this case is whether the legislature, under its police power in regulating the use of public highways and streets for reasons of public safety, may restrict licensed drivers in the *193 youngest age group from driving during certain hours of the night, purely because of their age.
The appellant contends that the classification under the statute discriminates against the youthful driver, who is in all other respects a capable, licensed driver, and that such a classification is arbitrary, capricious and without a rational basis and thus violative of the equal protection clause of the Fourteenth Amendment to the U. S. Constitution. However, we note that the restriction is applicable commencing with the issuance of the license so that the youth may not in fact be considered in all other respects a capable driver.
The appellee relies primarily on the principles announced by the Supreme Court in Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969). In that case, a city ordinance requiring motorcyclists to wear helmets was upheld as a constitutional exercise of police power. The court quoted the following passage from Schwegmann Bros. v. Louisiana A. B. C. Board, 216 La.1948, 43 So.2d 248 (1949):
“It is elementary that an act of the Legislature is presumed to be legal, and the judiciary is without right to declare it unconstitutional unless that is manifest. This rule is strictly observed in cases involving laws enacted in the exercise of the state’s police power. * * * ”
The court in Everhardt continued,
“Furthermore, the legislation is to be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between the law and the public good and safety. (citations omitted). Consequently, the one who attacks the constitutionality of a statute has the burden of establishing by clear and cogent evidence that the statute under attack is unconstitutional. (citations omitted)
“The City of New Orleans under its home rule charter granted it by the State was delegated all of the police power necessary for the protection of life, safety, health, and morals of the citizens as well as to promote public convenience and the general prosperity; and clearly, under this comes the power to regulate traffic on the highways and streets. Moreover, driving upon public streets and highways is a privilege and not a right; and, in the field of public safety the council should have more latitude in regulating individual conduct.”
Even the dissenting justices in Ever-hardt agreed that those principles of law are valid and only disagreed with the majority opinion insofar as it concluded that public safety would be substantially benefited by requiring motorcyclists to wear helmets. The dissenters were of the opinion that the wearing of helmets would not promote the safety of other motorists or reduce accidents but only mitigate the injuries which might be sustained by the motorcyclist and such a purpose was not an overriding public service sufficient to justify under the exercise of police power, a deprivation of the constitutional right of free action and use of property.
In the instant case, the legislature has sought to limit the privilege of youthful drivers in using the public streets during the late night hours. If it may be conceived that the reasons for the action included the more hazardous traffic conditions at night, the lack of maturity and experience of the youngest drivers, and consequently the increased risk to other motorists, it may be concluded “that there is a reasonable relationship between the law and the public good and safety”, as required by the Everhardt decision and that the classification of drivers affected by the law is not without a rational basis. Nor is the onus placed on the affected drivers so great that it should outweigh the benefit to the public derived from the law.
Finally, in support of the argument that the restriction prohibiting a youth under 17 years of age from driving between the hours of 9:00 P.M. and 11:00 P.M. con *194 stitutes invidious discrimination, counsel for appellant has filed in the record a copy of Senate Concurrent Resolution No. 1 of the Regular Session of 1970 which suspends in part the effect of L.R.S. 32:416.1. Appellant relies on several provisions in the resolution, namely: that the provisions of the act “have proven very difficult to enforce”; “the determination of whether or not a child should be authorized to drive a vehicle at night should be within the sound discretion of the parents of any such child”; and, “there seems to be no sound reason for public policy to discriminate agaist those children less than 17 years of age by prohibiting them from driving motor vehicles” between 9:00-P.M. and 11:00 P.M. What the legislature has done by the resolution is to permit a youth between the ages of IS and 17 to drive a vehicle until 11:00 P.M. or an additional two hours.
We cannot view Senate Concurrent Resolution No. 1 in any other light than that said resolution reflects a change of opinion on the part of the legislature between the date of the enactment of L.R.S. 32:416.1 in 1968 and the date of the adoption of the resolution in 1970. It is within the legislature’s prerogative to suspend the efficacy of any statute passed by it. However, the suspension of such a statute cannot have the authority of adjudicating the constitutionality vel non of the prior legislation. The determination of whether an act is constitutional or unconstitutional vests exclusively with the courts.
In the area of the granting of the privilege to drive a vehicle the court should not substitute its judgment for that of the legislature, particularly, where youthful drivers are concerned. As stated above we do not consider the enactment of L.R.S. 32:416.1 as a discriminatory and abusive exercise of the police power vested in the legislature.
Accordingly, the judgment appealed from is affirmed.
Affirmed.